## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBORAH LAUFER, | CIVIL ACTION |
| Plaintiff, | No. 3:20-cv-00941-RNC |
| - against – | |
| NATRUM ASSOCIATES | SEPTEMBER 9, 2020 |
| Defendant. | |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Defendant, Natrum Associates, submits the following Reply Memorandum in response to Plaintiff's Opposition to Motion to Dismiss and in further support of its Motion to Dismiss pursuant Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff's claim that she has standing based upon nebulous allegations that she is a "tester" under the ADA and intends to re-visit Defendant's online reservation system and travel to Connecticut at some unknown time in the future runs completely contrary to established law in this Circuit and epitomizes the idea of wasting judicial resources, despite her own projection upon Defendant. Therefore, Defendant respectfully requests that the Court dismiss the case with prejudice.

I.    <u>Plaintiff's Statement in Support of the Opposition to Defendant's Motion to Dismiss is Improper and, Therefore, Should be Disregarded by the Court</u>

As an initial matter, Plaintiff's signed statement submitted in support of the Opposition to Defendant's Motion to Dismiss should disregarded by the Court because it is improper. Specifically, a plaintiff is not permitted to modify the complaint through an affidavit or other papers filed in response to a motion to dismiss. *See LoanCare v. Channer*, Case No. 3:12-CV-590-SRU, 2013 WL 3208565, at *1, n. 1 (D.Conn. June 24, 2013); *Perrelli v. Prudential Ins. Co., Inc.*,

Case No. 3:07-CV-01797-VLB, 2008 WL 4307103, at *3 (D.Conn. September 19, 2008). Yet, Plaintiff in the present matter attempts to do just that in an unfruitful attempt to establish standing. Defendant contends that the Court must limit its assessment and decision solely to the allegations contained in the Complaint.

II.     Plaintiff Does Not Apply the Correct Standard to Defendant's Motion to Dismiss

Plaintiff is incorrect in her argument that the Court should apply the standards of Rules 56 or 12(b)(6) when evaluating Defendant's Motion to Dismiss under Rule 12(b)(1). In particular, in an attempt to support this conclusory argument, Plaintiff misapplies *Dorchester Fin. Sec. Inc. v. Branco BRJ, S.A.*, 722 F.3d 81 (2d Cir. 2013) to argue that the jurisdictional dispute in this case in interwoven with the underlying merits and, resultantly, subject to the standards of Rules 56 or 12(b)(6). In that case, a Florida-based company sued a Brazilian bank in the jurisdiction of New York. *Id.* at 82. The Brazilian bank then moved to dismiss the case for lack of personal jurisdiction under Rule 12(b)(2)[1], and the parties submitted documents to the Court relevant to the issue of personal jurisdiction. *See Id.* at 83-84.

Following the submissions, the Court decided to dismiss the case, however, the Second Circuit reversed the Court's decision stating that the lower court should have evaluated whether the plaintiff, through its pleadings and affidavits, had made a prima facie showing of personal jurisdiction. *See Id.* at 86. The Second Circuit further stated that particular facts of that case "may present the unusual situation in which the jurisdictional dispute is interwoven with the underlying merits" of the case such that it is necessary for those issues to be reserved for trial or the motion be converted to a Rule 56 or 12(b)(6) motion. *Id.*

---

[1] As this was a challenge to personal jurisdiction under Rule 12(b)(2), the Court was permitted to review materials outside of the pleadings. The present case is therefore distinguishable because Defendant has brought a Motion to Dismiss for lack of standing under Rule 12(b)(1).

In the present matter, Defendant's Motion to Dismiss should be decided on the standards set forth in Rules 12(b)(1) and 12(b)(6). This Court is not deciding the issue of personal jurisdiction, and there is no evidence to conclude that this case falls under the unusual circumstances standard stated by the Second Circuit in which the jurisdiction question is interwoven with the underlying merits of the case. Here, the questions are simply whether Plaintiff has standing and/or has stated a claim upon which relief may be granted. Plaintiff has failed to put forth any persuasive argument to the contrary nor cite any case law supportive of her position. Thus, it is further requested that the Court decide Defendant's Motion to Dismiss under the standards it has outlined in said motion.

III.    Despite Plaintiff's Assertions to the Contrary, She Clearly Lacks Standing to Bring the Subject Lawsuit

Plaintiff's Opposition to Defendant's Motion to Dismiss is ineffective in avoiding established law in this circuit and further demonstrates Plaintiff's lack of standing. Specifically, because Plaintiff could not find Second Circuit case law that counters Defendant's position, she largely relies on non-binding cases from Florida, a number of which are only default judgments. In contrast, Courts in cases this Plaintiff filed in the Northern District of New York have, *sua sponte*, raised concerns over Plaintiff's standing by spotting the same issues and citing the same authority put forth by Defendant. *See Laufer v. 110 Western Albany, LLC*, Case No. 1:19-CV-01324-BKS/ML, 2020 WL 2309083, at *1-2 (N.D.N.Y. May 8, 2020); *Laufer v. Laxmi & Sons, LLC*, Case No. 1:19-CV-01501-BKS/ML, 2020 WL 2200207, at *1-5 (N.D.N.Y. May 6, 2020).

According to Plaintiff, to have standing, she does not need any intention to book a room at Defendant's hotel or demonstrate any reason why she would possibly do so. Instead, she contends that all she needs to allege is that she intends to revisit the online reservation system and/or visit Connecticut at some unknown time in the future. However, pertinent law in this Circuit and others

have found that a nebulous intention to revisit a website, without more concrete and particularized plans, is insufficient to establish standing. In particular, a plaintiff must allege some intent or likelihood that he or she will legitimately seek use of the defendant's goods or services in the future or will have a need to. *See e.g. Dept. of Labor Fed. Credit Union*, 912 F.3d 649 (4th Cir. 2019) (ADA tester needed to allege an interest or need in obtaining the defendant's services); *Brintley v. Aeroquip Credit Union*, 936 F.3d 489 (6th Cir. 2019); *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830 (7th Cir. 2019); *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1211 (11th Cir. 2013) (finding that an ADA tester had standing, in part, because he had been to the subject store in the past, had an intention to return and was likely to do so were it not for the ADA violations); *Hernandez v. Caesars License Company, LLC*, Civil No. 19-06090-RBK/KMW, 2019 WL 4894501, at *3 (D.N.J. October 4, 2019).

Additionally, the few cases from this Circuit that Plaintiff cites in her Opposition to the Motion to Dismiss does not support her argument. In particular, Plaintiff incorrectly cites *Camacho v. Vanderbilt University*, Case No. 18 Civ. 10694-KPF, 2019 WL 6528974, at *11 (S.D.N.Y Dec. 4, 2019) for the proposition that cases such as *Harty v. Greenwich Hosp. Group, LLC*, 2012 WL 12895766 (D. Conn.), aff'd 536 Fed. Appx. 154 (2nd Cir. 2013) are "entirely irrelevant to analyzing standing in cases involving website discrimination." *Plaintiff's Opposition to Motion to Dismiss*, p. 7. The *Camacho* case did not involve hotels, but, instead the plaintiff alleged that a college website was inaccessible and violated the ADA. *Camacho*, at *1. In deciding standing, the Court examined and compared *Harty* with *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2nd Cir. 2013), *cert. denied*, 572 U.S. 1115 (2014). As pointed out by Defendant in its Motion to Dismiss, the Court held in the *Harty* case that the plaintiff did not have standing despite him alleging that he encountered barriers at the hotel, traveled to the area regularly and had plans to

return. *Harty*, at *1. In contrast, the plaintiff in *Kreisler* alleged that a restaurant in his neighborhood was inaccessible, he passed the restaurant regularly, and he would go into the restaurant if it was accessible. *Kreisler*, at 188. The Court in *Camacho* held that the plaintiff's allegations in that case were much closer to those alleged in *Kreisler* because the plaintiff planned to attend a four year college, he attended a college fair to get more information, afterwards he visited the defendant's website to learn more about the college, and intended to visit the college's campus and apply for admission. *Camacho*, at *10.

Contrastingly, in the present case, Plaintiff's allegations are clearly closer to those asserted in *Harty* and, therefore, distinguishable to *Camacho*. More specifically, although the Court in *Camacho* found standing, in part, due to the plaintiff's alleged plan to return to the defendant's website, it was accompanied by clear and particularized intentions to attend a four year college, visit the defendant's campus, and utilize or attempt to utilize the defendant's educational services. Plaintiff in this case falls short of this standard because she has no clear and concrete plans to travel to Connecticut and has alleged no reason to reasonably infer that she will actually travel to Connecticut or visit Defendant's hotel. Plaintiff cannot establish standing with vague, unknown allegations of the future. As outlined in the controlling case law, more is required.

Moreover, Plaintiff's Opposition further lacks merit through her disingenuous attempt to discredit the Court's decision in *Hernandez v. Caesars License Company, LLC,* Civil No. 190609-RBK/KMW, 2019 WL 4894501 (D.N.J. October 4, 2019). In that case, the Court dismissed the "tester" plaintiff's complaint holding that the defendant's alleged non-disclosure of accessibility information could conceivably harm a person with disabilities, provided that person was actually looking for a lodging in the area of the hotel. Plaintiff incorrectly argues that *Hernandez* erroneously cites *Juscinska v. Paper Factor Hotel, LLC*, 18-CV-8201-ALC,

2019 WL 2343306, at *1 (S.D.N.Y. June 3, 2019) for the proposition that an intent to actually book a room is a requirement for standing, claiming that the Court in *Juscinska* only mentions this requirement in dicta. In reality, in *Juscinska*, the plaintiff alleged that she was planning a "stay-cation" and was trying to reserve a room at the defendant's hotel when she discovered that the website was inaccessible. *Id.* at *1. Any reasonable reading of the opinion shows that this fact- the plaintiff claiming that she actually needed a room and could not determine whether the hotel accommodated her disability- is not dicta, it is what the Court used to find standing in that case. *See Id.* at *3.

Plaintiff also wrongly claims that *Hernandez* is an aberration as she ignores the multiple cases cited by Defendant in its Memorandum of Law in Support of the Motion to Dismiss that fall in the line with the standards established in *Harty* and which support the Court's holding in *Hernandez*. Furthermore, there is even more case law from this circuit that bolsters the decision in *Hernandez*. For example, in *Rizzi v. Hilton Domestic Operating Co., Inc.*, Case No. CV-18-1127-SJF/ARL, 2019 WL 5874327, at *1 (E.D.N.Y. July 18, 2019), the plaintiff, whom was blind, alleged that while attempting to utilize the defendant's website to discover more information  about the services and products available, as well as to make a reservation, he discovered that the website was not compatible with screen reading software. The defendant then moved to dismiss the case for lack of subject matter jurisdiction, which the Court granted because the plaintiff had failed to allege sufficient facts to show that he suffered a concrete and particularized injury under the ADA. *Id.* at 6. *See also Mendez v. Apple, Inc.* (The Court found that the plaintiff lacked standing despite allegations that the defendant's website was inaccessible because, among other reasons, the plaintiff failed to allege what good or service she was prevented from purchasing); *Harty v. Nyack Motor Hotel,*

*Inc.* Case No. 19-CV-1322-KMK, 2020 WL 1140783, at *1 (S.D.N.Y. March 9, 2020) (The Court dismissed a similar case pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted).

This reasoning has also been consistent with decisions from other circuits and further supports Defendant's position in this case. In *Griffin v. Department of Labor Credit Union, et al.*, 912 F.3d 649 (4th Cir. 2019) and *Brintley* and *Carello*, *supra*, "tester" plaintiffs whom were bling filed lawsuits against credit unions alleging that their websites were inaccessible in violation of the ADA and further alleged, like Plaintiff in the present case, that they would return to the website to test its compliance with the ADA. The Fourth, Sixth, and Seventh circuits each held that the plaintiffs did not have standing because they were not eligible for and expressed no interest in joining the credit unions. *Griffin*, 912 F.3d at 657; *Brintley*, 936 F.3d at 491, 494; *Carello*, 930 F.3d at 832, 835-36. This is squarely what the Court is faced with in this case. Plaintiff is claiming to be a "tester" whom has no reason or real intention to actually avail herself of Defendant's services. Therefore, Defendant respectfully requests that the Court decide this case based upon the law set forth by this circuit, as well as numerous other circuits, and find that Plaintiff has no standing.

> IV. <u>Plaintiff's Claim that the Rules of Statutory Construction Avoid a Determination of Standing is Misplaced</u>

Plaintiff spends a great deal of time in her Opposition arguing that the rules of statutory construction eliminate the requirement that Plaintiff must allege an intent to actually avail herself of the services provided by Defendant. In effect, it's Plaintiff's position that an analysis of standing is not required, which is wholly inaccurate. A showing of standing is paramount and must be examined in every case. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555,

560 (1992) ("the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III").

In an attempt to support her position, Plaintiff mainly relies on *PGA Tour v. Martin*, 532 U.S. 661 (2001) and *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013). As an initial matter, the *PGA Tour* case did not have anything to do with the principle of standing, and Plaintiff misleadingly contends that *Marod* held a plaintiff's "motive and intent are entirely irrelevant…" *Opposition*, p. 18. In fact, the Court in *Marod* held that a party's motive as a tester did not, by itself, negate standing, however, the Court also did not state that the tester status alone conferred standing. A tester status must still be accompanied by allegations establishing an intent that a plaintiff would want or have a legitimate use for the defendant's services. *Marod*, 733 F.3d at 1334, 1337.

Plaintiff further relies on *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982) for the contention that encountering discriminatory information is sufficient to confer standing. *Opposition*, p. 20. However, Plaintiff in this case does not allege that the websites at issue contain discriminatory information. Instead, she alleges that the websites do not adequately describe accessible features at Defendant's hotel. [2] This is nowhere near the factual background of *Havens* where an African American tester received misinformation about the availability of apartments while Caucasian testers received the correct information. Thus, the African American tester in *Havens* actually experienced discrimination.

In the present matter, as the Court notes in *Hernandez*, without an allegation of an intent to actually reserve a room in Defendant's hotel, or some other allegation alleging a

---

[2] Plaintiff also cites to *Federal Election Commission v. Akins*, 524 U.S. 11 (1998) for an example of a cause of action premised upon an inability to obtain information. Yet, in that case, the plaintiffs showed that the non-disclosure caused actual harm by impeding their ability to evaluate candidates for public office.

particularized and concrete injury, Plaintiff has no standing. *See Hernandez*, *supra*, 2019 WL 4894501 at *4; *see also Hernandez v. Caesars License Co., LLC*, Case No, CV-19-6087, 2019 WL 6522740, at *2 (D.N.J. December 4, 2019) (considering nearly identical allegations and finding that the plaintiff had "alleged only a generalized grievance that is not particular to him, and he therefore has failed to allege facts sufficient to support Article III standing").

V.   <u>Plaintiff's Claims Must Also Be Dismissed Because 28 C.F.R. Section 36.302 is Not Enforceable Through the ADA's Private Right of Action</u>

As started in its Memorandum of Law in Support of its Motion to Dismiss, Defendant contends that Plaintiff does not have a private right of action under 28 C.F.R. Section 36.302 because the requirements it imposes cannot be found anywhere in the plain language of the ADA. Plaintiff refers to no authority rebuffing Defendant's position and, instead, besmirches Defendant and counsel by claiming, among other things, that they intentionally tried to mislead the Court. This is patently false and uncalled for. In reality, if counsel for Plaintiff bothered to read the commentary to the pertinent Final Rule instead of commenting on where Defendant researched and obtained good faith arguments for dismissal, she would see that websites were clearly not contemplated and were, in fact, expected to be addressed in the future. Any other distraction put forth by Plaintiff is irrelevant to the analysis and is being made purely to confuse the actual issues.

WHEREFORE, Defendant, Natrum Associates, respectfully requests that the Court dismiss Plaintiff's Complaint or, alternatively, that it permit limited discovery on the issue of standing and schedule a hearing on the issue before proceeding with further litigation.

Respectfully submitted,

By:  __/s/ Thomas H. Houlihan, Jr.__
     Timothy R. Scannell
     Federal Bar No.: ct28847
     Thomas H. Houlihan, Jr.
     Federal Bar No.: ct30131
     Boyle Shaughnessy Law, P.C.
     280 Trumbull Street, 23rd Floor
     Hartford, CT 06103
     Telephone: (860) 952-9800
     Facsimile: (860) 278-7757
     Email:
     tscannell@boyleshaughnessy.com
     thoulihanjr@boyleshaughnessy.com

## CERTIFICATE OF SERVICE

     I hereby certify that on September 9, 2020 a copy of the foregoing Reply to Opposition to Motion to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Thomas H. Houlihan, Jr.