IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**DEBORAH LAUFER,**
    **Plaintiff,**

v.                                                      Case No: 3:20-cv-941-RNC

**NATRUM ASSOCIATES,**                         Sept. 15, 2020
    **Defendant.**

## PLAINTIFF'S MOTION TO STRIKE REPLY OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE SUR-REPLY

Plaintiff, by and through undersigned counsel, hereby submits this Motion to Strike Defendant's Reply Memorandum, filed at DE 17. In the alternative, Plaintiff respectfully requests that this Court grant leave to file a Sur-Reply..

1. On August 13, 2020, Defendant filed its first Motion To Dismiss and Memorandum. DE 11, 11-1.  The Plaintiff filed its First Amended Complaint on August 14, 2020.  DE 12.  The Defendant filed a Motion to Dismiss, again, on August 18, 2020.  DE 13, 13-1.  The Plaintiff filed a response Memorandum in Opposition to the Motion to Dismiss on August 26, 2020.  DE 16.

3. On September 9, 2020, at DE 17, Defendant filed a Reply Memorandum which cites new cases in its arguments that the Plaintiff lacks standing.  See Defendant's Reply Memorandum, DE 17 at p. 4.  These cases were not cited in the Defendant's original Motion to Dismiss and Memorandum even though they are cases that go back to 2019 and 2013.

4. For the reasons set forth below, Defendant's Reply Brief must be stricken. In the

1

alternative, Plaintiff must be granted leave to file a sur-reply.

## Memorandum

It is well established that arguments that were not properly presented in a party's initial brief or are raised for the first time in the reply brief are deemed waived. *Strom v. Goldman, Sachs & Co.*, 202 F.3d 138, 142 (2d Cir. 1999); *Knipe v. Skinner,* 999 F.2d 708, 710-11 (2d Cir. 1993); *NLRB v. Star Color Plate Service, Div. Of Einhorn Ent., Inc.*, 843 F.2d 1507, 1510 n. 3 (2d. Cir. 1988); *United States v. Gigante*, 39 F.3d 42, 50 n.2 (2d. Cir. 1994). This includes situations where the reply brief cites legal authority that was omitted in the original brief. *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 113 (2d Cir., 1999).

Defendant's Reply brief is replete with new arguments it failed to make and citations to cases it failed to reference in its earlier Memorandum on the issue of standing. Defendant has no excuse for having failed to properly present these arguments or cite references in its Memorandum in Support of its Motion to Dismiss and should not have waited until filing its Reply Memorandum to complete its research.

Because Defendant is citing new cases for the first time, Plaintiff is prejudiced because she has no opportunity to rebut them.

## Conclusion

For the foregoing reasons, Defendant's Reply Brief must be stricken or, in the alternative, Plaintiff must be granted leave to file a sur-reply.

Respectfully submitted,

For the Plaintiff, DEBORAH LAUFER,

By:  L. Kay Wilson, Esq. Fed. Juris ct16084
WILSON LAW

2840 Main Street, #332<br>
Glastonbury, CT 06033<br>
(860)559-3733 Tele/Text<br>
Wilson@KayWilsonLaw.com

### Certificate of Meet/Confer

I hereby certify that I conferred with Defendant's attorney with respect to the instant motion and the Defendant opposes it.

### Certificate of Service

I hereby certify that on the 15th day of September, 2020, a copy of the foregoing Motion to Strike or Leave to File a Sur-reply was filed electronically and served on all counsel of record via the Court's CM/ECF system.

/s/ L. Kay Wilson, Fed. Juris ct16084