IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DEBORAH LAUFER,** | : | |
| Plaintiff, | : | Case No: 3:20-cv-00941-RNC |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **NATRUM ASSOCIATES,** | : | |
| Defendant . | : | NOVEMBER 3, 2020 |
| _____ | : | |

**PLAINTIFF'S REPLY TO OBJECTION TO *PRO HAC VICE* MOTION**

Plaintiff, by and through undersigned counsel, hereby replies to the Defendant's Objection (DE 28) to our Motion to Admit Attorney Thomas Bacon *Pro Hac Vice* as follows:

1. In 2018, Attorney Bacon was admonished, along with several other plaintiff's attorneys engaged in private ADA enforcement actions, for failure to "comply with the Federal Rules of Civil Procedure, Local rules and the Court's orders on <u>one or more</u> occasions." by which the court issued order to these ADA attorneys to report any and all adverse orders issued during a one year period.  The Court closed the matter after that year having been satisfied that no additional infractions occurred.  See Exhibit 1, Attorney Thomas Bacon Declaration at para. 1.

2. While the Defendant's objection quotes the Orlando Sentinel which reported "61 negative orders," these order were legally challenged and the court collapsed its fnding to "one or more occasions." DE 46 at 7. See Exhibit 1, Attorney Thomas Bacon Declaration at para. 2.

3. These roundups of plaintiff's attorneys practicing civil rights enforcement and ADA enforcement litigation had no defense attorney correlate consistent with the open hostility toward these plaintiffs by Judge Dalton, a hostility that was verbalized in open court, on the record more

than once. See Exhibit 1, Attorney Thomas Bacon Declaration at para. 3.

4. In response to the Show Cause Order, Attorney Bacon pointed out that the majority of what the court was qualifying as "negative orders" were without merit, including rulings against standing, denials of default, orders that actually pertained to defense attorneys and a long list of decisions that were not the result of any failure to comply with the procedural rules. The Court then collapsed the finding down to "one or more occasions." See Exhibit 1, Attorney Thomas Bacon Declaration at para.4.

5. The Defenant erroneously concluded that the reference to mproper use of ADA experts referred to Attorney Bacon practice; it did not. The Court was fully satisfied that Attorney Bacon did not engage in such practices. See Exhibit 1, Attorney Thomas Bacon Declaration at para. 5.

WHEREFORE, for the foregoing reasons, the Defendant's Objection should not prevent the admission *pro hac vice* of Attorney Thomas B. Bacon in this matter.

Respectfully submitted,

The Plaintiff, DEBORAH LAUFER,

By: /s/ L. Kay Wilson
L. Kay Wilson, Esq.
Fed. Juris ct16084
WILSON LAW LLC
2842 Main St., #332
Glastonbury, CT 06033
(860)559-3733 (tele/text)
Wilson@KayWilsonLaw.com

## Certificate of Service

  I hereby certify that a true and correct copy of the foregoing REPLY TO OBJECTION TO ADMISSION PRO HAC VICE was served on all counsel of record via the Court's CM/ECF system this 3rd day of November, 2020.

By: <u>/s/ L. Kay Wilson</u>